IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **GARMIN LTD** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | | CASE NO.  2:06CV338 |
| § | | PATENT CASE |
| **TOMTOM, INC.** § | | |
| § | | |
| **Defendant** § | | |
| § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant TomTom, Inc.'s ("TomTom") Motion to Transfer pursuant to the first-to-file rule (Docket No. 16).  After considering the motion and hearing oral arguments, the Court **DENIES** the motion.

### BACKGROUND

Garmin Ltd. ("Garmin") currently has an action pending in the Western District of Wisconsin alleging that TomTom infringed U.S. Patent Nos. 6,188,956, 6,222,485, 6,901,330, 6,687,615, and 6,999,873 (collectively "the Wisconsin action").  All patents in the Wisconsin action deal with Navigation systems.  In the Wisconsin action, Garmin accused "the entire suite of TomTom's current navigation products."  TomTom's Motion at 4.  At the time this motion was filed, the parties had taken extensive discovery in the Wisconsin action, the Wisconsin court held a claim construction hearing and issued its Markman opinion, and summary judgment motions were before the Wisconsin court.

On August 23, 2006, Garmin filed this action in the Eastern District and accused TomTom of infringing U.S. Patent No. 7,062,378 ("the '378 patent"), entitled "Portable Navigation System and Device with Audible Turn Instructions." Since the filing of this motion, the Wisconsin court has granted in part both parties' motions for summary judgment and has dispensed with most, if not all, of the case.

## APPLICABLE LAW

When overlapping suits are filed in multiple federal courts, each court must decide whether to keep the case, or whether interests of judicial economy favor transferring the case to a sister court so all issues can be resolved in the same forum. *See Tex. Instruments, Inc. v. Micron Semiconductor,* 815 F. Supp. 994, 997–98 (E.D. Tex. 1993). "The general rule favors the forum of the first-filed action" as the forum for resolving all the issues in dispute. *Genetech v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir. 1993). Exceptions to this rule though "are not rare, and are made when justice or expediency requires." *Id.*

The first-to-file rule applies when the two actions involve closely related questions or subject matter or the core issues substantially overlap, but the core issues do not need to be identical. *Texas Instruments Inc.*, 815 F. Supp. at 997. A subsequent action that does not have complete identity of the parties can still substantially overlap on the substantive issues of the first-filed action, warranting dismissal or transfer. *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 328–29 (N.D. Tex. 1989); *see Save Power Ltd. v. Sintek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending. The court of the first-filed action then decides if the cases actually do substantially overlap and require consolidation. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999). The underlying policies supporting the first-to-file rule are comity and the orderly administration of justice. *Superior Sav. Ass'n*, 705 F. Supp. at 331.

## ANALYSIS

The dispute in this case centers around whether the two actions substantially overlap such that the first-to-file rule applies. Substantial overlap does not require that the core issues be identical, but that the two actions will involve closely related questions or subject matter. *See Tex. Instruments Inc.*, 815 F. Supp. at 997. TomTom argues that the case should be transferred pursuant to the first-to-file rule because both cases involve patents on portable navigation devices and the same parties, both cases will likely involve the same accused products, and both cases are likely to involve development of the same relevant prior art.

Garmin claims the two cases involve entirely different patents and the '378 patent is not even in the same family of patents as the eight patents in the Wisconsin action. Garmin argues that the patents at issue in the Wisconsin action are generally directed to software functionalities whereas the '378 patent is directed to hardware. Garmin contends that the '378 patent's hardware claims require a GPS receiver, antenna, and speaker in a portable handheld housing, and no claims in the Wisconsin patents discuss these hardware aspects. Garmin further contends

that even if some of the same accused products and inventors[1] are relevant to patents in both cases, the Wisconsin action is so far along in the litigation process that inventors will need to be re-deposed specifically about the '378 patent and discovery specifically targeting the '378 patent will still need to take place.

TomTom cites to this Court's ruling in the *Amberwave* case in support of its motion to transfer. *Amberwave Sys. Corp. v. Intel Corp.*, No. 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005) (Davis, J.). In that case, Intel filed a declaratory judgment action in Delaware. *Id*. at *1. Just two months later, Amberwave filed suit in this Court accusing Intel of infringing a different patent than the one at issue in the declaratory judgment action. *Id*. The Court transferred the action, finding that judicial efficiency warranted the transfer. *Id*. at *2. Importantly, in that case, the presiding judge in the Delaware action stated his concern that a conflict would result between the two cases if they were not consolidated. *Id*.

After conferring with the Honorable Barbara Crabb, who is presiding over the Wisconsin action, the Court does not find that judicial efficiency would be accomplished by transferring this case to Wisconsin. The rationale behind the first-to-file rule rests on comity and judicial efficiency. *See Cadle Co.*, 174 F.3d at 603. TomTom does not contend that transfer of this case will result in consolidation of the two cases, thus promoting judicial efficiency. The Wisconsin case was set for trial on February 12, 2007 and has now been almost completely disposed of on summary judgment. Therefore, transferring the case will not result in this matter being resolved through an earlier filed action pending in another court.

---

[1] The named inventors in the '378 patent are all named as an inventor on at least one patent in the Wisconsin action.

Although patents in both cases deal with navigation technology generally, Garmin has demonstrated that the '378 patent is not in the same family as the patents in the Wisconsin case, it does not share a specification with any patents in the Wisconsin case, and the substantive claims are distinct. The Court finds that the patents do not substantially overlap such that a transfer is warranted.

## CONCLUSION

Because the actions involve separate unrelated patents, the outcome of the Wisconsin action will not determine the outcome of this action, and the cases are at very different stages of the litigation process, the Court finds that transfer would not promote comity and orderly administration of justice. Accordingly, the motion to transfer is **DENIED**.

**So ORDERED and SIGNED this 5th day of March, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**